| | |
|---|---|
| 1 | JEFFREY D. WOHL (Cal. State Bar No. 96838) |
| 2 | DANIEL E. WALDMAN (Cal. State Bar No. 223034)<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 3 | 55 Second Street, 24th Floor<br>San Francisco, California  94105    *E-FILED 11/21/05* |
| 4 | Telephone:  (415) 856-7000<br>Facsimile:  (415) 856-7100 |
| 5 | E-mail: jeffwohl@paulhastings.com |
| 6 | Attorneys for Defendant<br>International Business Machines Corporation |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARIANA BEIL, | No. C-05-02826-RMW |
| Plaintiff, | **STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER RE CONFIDENTIALITY OF INFORMATION AND DOCUMENTS** |
| vs. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation, and DOES 1 through 10, inclusive | **MODIFIED BY THE COURT** |
| Defendants. | |

1    Plaintiff Ariana Beil and defendant International Business Machines Corporation ("IBM"), through their respective counsel of record, hereby stipulate as follows:

2.    1.    The parties anticipate that in the course of discovery in this action, they will be asked to produce documents protected from disclosure under various principles of law, including but not limited to article I, section 1, of the California Constitution; the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.*, and related case law; and IBM's right to confidentiality in its business affairs.

2.    To protect these legitimate privacy interests, the parties have agreed that the production and use of certain documents and information in this action will be subject to the following terms and conditions.

3.    Any party involved in this action, or counsel for such party, may designate as "CONFIDENTIAL" any document, testimony, information or material disclosed, or to be disclosed by that party, through formal or informal discovery or otherwise in the course of this litigation in the manner hereinafter set forth.  Counsel are permitted to designate as "CONFIDENTIAL" only those documents as to which counsel entertains a good faith belief that such document is entitled to confidentiality.  Such designation shall, without more, subject the information produced or provided under said designation to the provisions of this Protective Order.

4.    Any writing, document, or other information produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by stamping the word "CONFIDENTIAL" on the face of the writing, document or other information by the producing party.

5.    Any party to this litigation, or counsel for such party, may designate as "CONFIDENTIAL" its responses to interrogatories or to requests for admission by labeling each response "CONFIDENTIAL."  Any inadvertently omitted "CONFIDENTIAL" designation may be corrected by written notification to counsel of record for the other party(ies) so long as the correction is made promptly after discovery of the omission.

6.    Unless both parties stipulate otherwise in writing or on the record at deposition, all deposition testimony will hereby be deemed confidential and subject to this Order.  Depositions designated "CONFIDENTIAL" are to be marked as such by the court reporter and are also to bear substantially the following designation: "This deposition was taken subject to the Protective Order of

1 the Court. This deposition shall remain confidential and shall be treated according to the requirements
2 of the Court's Order." Whenever any writing designated as "CONFIDENTIAL" is identified as an
3 exhibit in connection with testimony given in this litigation, it shall be so marked and it shall be subject
4 to all of the requirements of the Court's Order.

5    7.    "CONFIDENTIAL" material includes all material designated "CONFIDENTIAL"
6 pursuant to the terms of this Order, as well as summaries and compilations derived from such materials,
7 including but not limited to charts, tables, graphs and models.

8    8.    Except upon prior written consent of the party or counsel for the party asserting
9 "CONFIDENTIAL" or upon further order of this Court, documents, testimony, information or material
10 designated as "CONFIDENTIAL" shall be held in strictest confidence, shall be kept securely, and shall
11 be used solely for the purpose of prosecution or defense of this litigation and not for any business or
12 other purpose whatsoever. Documents, testimony, information or material designated as
13 "CONFIDENTIAL" shall be disclosed only to those persons identified in ¶ 9 below. No party including
14 any individuals mentioned in ¶ 9(a) shall, for itself or any other person or persons acting on its behalf,
15 make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to
16 conduct this litigation.

17    9.    Access to "CONFIDENTIAL" documents, testimony, information or materials, as well as
18 written or oral summaries or accounts thereof, shall be limited to:

19        a.    Counsel for the respective parties (including in-house counsel and co-counsel)
20 and employees or other clerical assistants of said counsel who are assisting in the prosecution or defense
21 of this litigation, including the following copy service: Williams Lea; provided, however, that counsel
22 using an outside copy service is responsible for ensuring that the service does not violate the terms of
23 this Protective Order;

24        b.    Experts and consultants (including independent experts and consultants and
25 employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by
26 counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in
27 such litigation;
28

1          c.      Officers, Directors, or employees of any of the Parties to this lawsuit who are
2  assisting counsel in the prosecution or defense of this lawsuit;

3          d.      Parties to the litigation;

4          e.      The Court and officers of the Court; and

5          f.      Any other individual or entity as to whom counsel for the producing party and
6  counsel for the party seeking to disclose the documents(s) identified above agree in writing.

7        10.      Documents, testimony, information or materials marked "CONFIDENTIAL" shall not be
8  disclosed by any party to an expert or consultant, unless and until such person has signed and returned to
9  counsel for that party the written acknowledgment in the form attached hereto as Exhibit A.  The party
10  disclosing any "CONFIDENTIAL" material pursuant to this paragraph shall be required to maintain
11  such written acknowledgments, but shall not be required to disclose the identities of persons having
12  reviewed the "CONFIDENTIAL" material.

13        11.      If any party, or such party's counsel, objects to the designation of any document,
14  testimony, information or material as "CONFIDENTIAL" the parties shall meet and confer in an effort
15  to resolve any such dispute.  If the parties are unable to resolve such dispute, the objecting party may
16  bring a motion to have the contested information declared non-"CONFIDENTIAL."  Unless and until an
17  order is entered to the contrary, the documents, testimony, information or material shall be given the
18  "CONFIDENTIAL" treatment initially assigned to it and provided for in this Protective Order.

19        12.      Whenever any writing, testimony, information or material designated as
20  "CONFIDENTIAL" is used or submitted to the court in conjunction with any filing or proceeding in this
21  litigation, it shall be so marked and shall be filed separately under seal with the Clerk of the Court, pursuant to Civil L.R. 79.5.

22        13.      Upon termination of this litigation, all originals and copies of "CONFIDENTIAL"
23  documents, testimony, information or material (and all summaries thereof) shall be returned to counsel
24  for the producing party without a written request unless otherwise ordered by the Court for good cause
25  shown.

26        14.      The foregoing is without prejudice to the right of any party to apply to the Court for (a) a
27  further protective order relating to any writing whether or not it is identified above; (b) an order
28  amending or modifying this Protective Order; (c) an order protecting against other discovery, or other

RS

use of the documents identified above; or (d) an order permitting further production, discovery, disclosure or use of any documents, including those identified above.

15. Nothing in this Protective Order shall be deemed to be a waiver of (a) any party's right to object to any discovery requests on any ground; (b) any party's right to seek an order compelling discovery with respect to any discovery requests; (c) any party's right to object to the admission of any evidence on any grounds in any proceeding herein.

16. In the event the Court does not approve this Protective Order, the parties agree to enter into a revised Stipulated Confidentiality Agreement and [Proposed] Protective Order consistent with the purpose of this Protective Order, subject to any modifications required by the Court or by applicable law, and to remain bound by the terms of this Stipulation pending approval by the Court of the revised Protective Order. Once approved by the Court, this (or the revised) Protective Order shall remain in full force and effect until modified, superseded or terminated by further order of this Court, and shall survive the termination of this lawsuit.

17. All persons who are granted access to "CONFIDENTIAL" documents, including any party to this action, their attorneys, or others who acknowledge their consent to be bound by this protective order but fail to comply with its provisions may be held in contempt for violation of this Court's order.

Dated: November __, 2005.    RICHARD E. LEVINE
ALISA J. BAKER
BAKER & LEVINE

By: _____
Richard E. Levine
Attorneys for Plaintiff Ariana Beil

Dated: November __, 2005.    JEFFREY D. WOHL
DANIEL E. WALDMAN
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
Jeffrey D. Wohl
Attorneys for Defendant
International Business Machines Corporation

**ORDER**

On the stipulation of the parties, and for good cause shown,

    IT IS ORDERED that the parties' stipulation is adopted as the order of the Court.

Dated: November 21, 2005

/s/ Richard Seeborg
_____
Richard Seeborg
United States Magistrate Judge

**EXHIBIT A**

I have read the Protective Order ("Order") entered by the Court on _____ in *Ariana Beil* v. *International Business Machines Corporation*, U.S.D.C., N.D. Cal., No. 05-02826-RMW. I understand the responsibilities and obligations the Order imposes on persons viewing the material encompassed by the Order. I agree to be bound by all of the provisions of the Order, so as to enable me to view the material encompassed by the Order.

Dated: _____

By: _____
                Signature

By: _____
                Printed Name

-6-

LEGAL_US_W # 52945413.1

CONF. AGREEMENT/PROTECTIVE ORDER
U.S.D.C., N.D. Cal., No. C-05-02826-RMW